1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EDWARD L. SEIDEL (SBN 200865)
  Ed.Seidel@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:     (415) 433-1900
Facsimile:      (415) 433-5530

Attorneys for Plaintiff
A/S DAN BUNKERING LTD

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

## IN ADMIRALTY

| | |
|---|---|
| A/S DAN BUNKERING LTD. | Case No.: |
|                Plaintiff, | **VERIFIED COMPLAINT** |
|     v. | |
| CHINA SPIRIT *in rem* GLOBAL AMERICAN TRANSPORT, LLC *in personam*, | |
|              Defendant. | |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, A/S Dan-Bunkering Ltd. ("**Plaintiff**" or "**Dan Bunkering**") who files this Verified Complaint against defendants, CHINA SPIRIT, her engines, freight, tackle, appurtenances, apparel, etc. (the "**Vessel**"), *in rem*, and Global American Transport, LLC ("**Global**") *in personam*, seeking a warrant of maritime arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, as well as damages in the amount of $408,756.76, plus interest, liquidated damages, and attorney's fees owed under the Plaintiff's Standard Terms and Conditions of Sale dated February 1, 2024.

Plaintiff respectfully represents upon information and belief as follows:

### JURISDICTION

1.      This is a breach of maritime contract claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rules C for Certain Admiralty and Maritime Claims, Federal Rule of Civil Procedure 9(h), and the supplemental jurisdiction of this Court pursuant to U.S.C. § 1367.

### PARTIES

2.      Plaintiff Dan Bunkering is a Danish limited company with its registered office located at Fynsvej 9, DK-5500 Middelfart, Denmark and was, and is, a supplier of bunkers and other fuel to vessels.

3.      Defendant Vessel is a Hong Kong flagged bulk carrier, bearing IMO No. 9655846. The Vessel is now, or will be during the pendency of process hereunder, within this Judicial District and within the jurisdiction of this Honorable Court, and upon information and belief, is or will be in West Sacramento, California.

4.      Defendant Global is upon information and belief a Delaware limited liability company, with its principal place of business located at 150 North Michigan Ave., Chicago, Illinois 60601. Global was at all relevant times the charterer of the Vessel.

### BRIEF FACTUAL HISTORY

5.      Dan Bunkering is in the business of supplying bunkers, diesel fuel, freshwater, diesel oil, and other necessaries to vessels.

6.      On or about March 30, 2024, pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering supplied 594.988 MT of Very Low Sulphur Fuel Oil ("**VLSFO**") to the Vessel at Fujairah, UAE. Dan Bunkering caused the VLSFO to be delivered to the Vessel by Al Arabia Bunkering.

7.      All bunkers, diesel fuel, freshwater, and diesel oil are provided by Dan Bunkering pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, dated February 1, 2024, a copy of which is attached as **Exhibit 1**.

**A.      TERMS OF THE VLSFO SALE**

8.      Insofar as is relevant, Dan Bunkering's Standard Terms and Conditions of Sale provide, in part:

a)   **Section 5.4**

Subject to Clause 5.5 payment of the Price shall be due immediately upon delivery of the Products or in all other cases immediately upon an invoice being issued.

b)   **Section 5.5**

The Seller may grant credit deferring payment beyond the period stated in clause 5.4, in which case the credit period shall be stated on the Order Confirmation. The granting of credit is in the Seller's discretion and the Seller may withdraw credit at any time and demand immediate payment if the Seller has reason to alter its assessment of the credit risk. Withdrawal of credit shall be by written notice, and Seller need not provide reasons…

c)   **Section 5.7**

Without prejudice to any other rights or remedies available to the Seller the Buyer shall pay interest to the Seller on all balances that remain unpaid from the date that they were due or, upon the withdrawal of credit, became due for payment. The rate of interest shall be two percent (2%) per month and the interest shall be compounded monthly for each month, or part thereof. The Seller may issue interest notes which shall be binding as to the amount of interest due. The Buyer's obligation to pay interest is not conditional upon interest notes being issued.

d)   **Section 5.8**

If the Seller incurs any costs in relation to attempts to collect any overdue sums the Buyer shall indemnify the Seller for those costs and shall pay the same upon first demand. Such costs include but are not limited to attestation and translation costs, fees of third party debt collection agencies, lawyer's fees and communication/postal costs.

e)  **Section 5.3**

If any sum due pursuant to any Contract is not paid within the agreed time or if contrary to the provisions herein payment is withheld or set-off for any reason the Buyer shall pay compensation to the Seller of 20% (twenty per cent) of the outstanding amount. Such compensation is a reasonable pre-estimate of the Seller's loss, considering the additional management time incurred in dealing with late payment, the loss of opportunity to reinvest the missing funds and currency exchange fluctuations. This late payment compensation is payable in addition to the Price and accrued interest.

f)  **Section 13**

13.1 It is agreed and acknowledged that a lien over the Vessel is created for the price of the Products supplied together with any interest accrued. The Buyer, if not the Owner of the Vessel, expressly warrants that they have full authority of the Agents/Traders/Owners/Managers/Operators/Charterers to pledge the Vessel in favour of the Seller and that the Buyer has given notice of the provisions of this Contract to the owners of the Vessel. The Seller shall not be bound by any attempt by any person to restrict, limit or prohibit its lien(s) attaching to a Vessel.

g)  **Section 13.2**

13.2 The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien, regardless of the country in which the Seller takes legal action. The Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity, or otherwise, in any jurisdiction where the Vessel may be found.

**B.    INVOICE NO. DK300929**

9.    As set forth above, Dan Bunkering supplied the VLSFO to the Vessel on about March 28, 2024.

10.    The parties documented Dan Bunkering's supply of VLSFO to the Vessel in an Order Confirmation, dated March 25, 2024. Pursuant to the Order Confirmation, payment was due "45 days from date of delivery." A copy of the Order Confirmation is attached as **Exhibit 2**.

11.    On or about April 16, 2024, Dan Bunkering issued an invoice (Invoice No. DK300929) for the VLSFO in the amount of $408,756.76 addressed to "CHINA SPIRIT and/or master and/or … Global American Transport, LLC." A copy of the invoice and Bunker Delivery Receipt No. 3072 is attached as **Exhibit 3**.

12.    Payment for this invoice was due on or before May 15, 2024. However, no payment has been made by the Vessel or Global and the invoice is now outstanding and overdue. Therefore, defendants are in default of their payment obligations to Dan Bunkering for sale of the VLSFO.

3

### C.      INTEREST, LIQUIDATED DAMAGES, AND ATTORNEY'S FEES

13.      Pursuant to Section 5.7 of Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering is entitled to interest at a rate of 2% per month on the invoice.

14.      Pursuant to Section 5.3 of Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering is entitled to recover an additional 20% of the total outstanding amount of the invoice as liquidated damages for failure to pay the outstanding sums due under the invoice.

15.      Pursuant to Section 5.8 of Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering is also entitled to recover its actual attorney's fees and costs incurred as a result of non-payment of the VLSFO.

### BREACH OF MARITIME CONTRACT

16.      Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 15 and incorporates those allegations herein.

17.      As more fully set forth above, Dan Bunkering supplied 594.988 MT of VLSFO to the Global and the Vessel pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, dated February 1, 2024. (**Exhibit "1"**).

18.      Payment for the VLSFO was due on or before May 15, 2024.  To date, neither Global nor the Vessel have provided payment to Dan Bunkering.

19.      As a result, Global and the Vessel are liable to Dan Bunkering in the amount of $408,756.76, plus interest at the rate of two (2%) percent per month, compounded monthly for each month, or part thereof.  Global and the Vessel are likewise obligated to pay to Dan Bunkering an additional amount of twenty (20%) percent of the outstanding balance pursuant to Section 5.3 of the Standard Terms and Conditions of Sale, dated February 1, 2024 (**Exhibit "1"**).

20.      Additionally, Global and the Vessel are liable for the attorney's fees, costs, and other expense associated with their failure to pay Dan Bunkering for the VLSFO pursuant to Section 5.8 of the Standard Terms and Conditions of Sale, dated February 1, 2024 (**Exhibit "1"**).

### RULE C ARREST

21.      Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 20 and incorporates those allegations herein.

4

22.     Defendants' failure to pay the amounts owed to Dan Bunkering for the VLSFO supplied to the Vessel on orders of persons authorized to procure necessaries on behalf of the Vessel gives rise to a maritime lien in favor of Dan Bunkering in the amount of $408,756.76, plus interest and fees that continue to accrue, under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301 *et seq*.

23.     Therefore, Dan Bunkering has a valid and enforceable maritime lien over the Vessel totaling $408,756.76 plus 2% interest, pre and post judgment interest, disbursements, costs, and reasonable attorneys' fees.  Dan Bunkering is also entitled to 20% of the total amount outstanding as liquidated damages. Dan Bunkering seeks judgment on this amount plus for all other amounts determined to be due.

24.     Pursuant to local rules, Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability as a result of arresting the Vessel as well as any other property of the Defendants within the District.

**WHEREFORE**, Dan Bunkering prays for the following relief:

A.     That this Verified Complaint be deemed good and sufficient;

B.     Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rule C of the Supplemental Rues for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, may issue against the CHINA SPIRIT her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances thereto., *in rem*.

C.     After due proceedings, there be judgment rendered in favor of A/S Dan-Bunkering Ltd. and against the CHINA SPIRIT her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances, *in rem*, and against Global American Transport, LLC and that the CHINA SPIRIT be condemned and sold to satisfy the judgment to be entered in favor of A/S Dan-Bunkering Ltd. in the full amount of its claims, together with interest, costs, and attorneys' fees, as set forth above.

D.     That this Court issue a warrant of arrest of all property of Global American Transport, LLC aboard the CHINA SPIRIT.

Dated: October 9, 2024                    Respectfully submitted,


                                          */s/  Edward L. Seidel*
                                          Edward L. Seidel
                                          Attorneys for Plaintiff
                                          *A/S Dan-Bunkering Ltd.*

6

**<u>VERIFICATION</u>**

I, Matthew C. Guy, am an attorney at the law firm of Adams and Reese LLP, counsel to plaintiff A/S Dan-Bunkering Ltd. I am authorized by A/S Dan-Bunkering Ltd. to make this Verification. The facts set forth in the Verified Complaint are true and correct based upon information provided to me as attorney for A/S Dan-Bunkering Ltd. The reason this Verification is made by the undersigned is that I am the attorney for A/S Dan-Bunkering Ltd., which does not have officers or directors within this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Sworn to and subscribed before me this 9th day of October, 2024 in New Orleans, Louisiana.


*/s/  Matthew C. Guy*
Matthew C. Guy


WBD (US) 4864-1245-0797

VERIFIED COMPLAINT